UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT NORTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | |
| CHRISTOPHER LAVON VEREEN | ) | Case No. 20-80517 |
| DEBTOR | ) | Chapter 7 |
| | ) | |
| U.S. SMALL BUSINESS ADMINISTRATION | ) | |
| PLAINTIFF | ) | |
| AND | ) | |
| WILLIAM P. MILLER, U. S. BANKRUPTCY | ) | |
| ADMINISTRATOR, AND JOHN PAUL H. | ) | |
| COURNOYER, TRUSTEE, | ) | |
| PLAINTIFFS-INTERVENORS | ) | |
| v. | ) | Adversary Proceeding No. |
| CHRISTOPHER LAVON VEREEN | ) | 21-9001 |
| DEFENDANT | ) | |
| | ) | |

JOINT SCHEDULING MEMORANDUM

A. The Rule 26(f) meeting of the parties was held April 13, 2021
B. The following were in attendance:
   1. Robert Lewis, Jr., attorney for Defendant
   2. Nathan L. Strup, attorney for Plaintiff U.S. Small Business Administration ("SBA")
   3. John Paul H. Cournoyer, attorney for Plaintiff Trustee
   4. Robert E. Price, Jr., attorney for Plaintiff William P. Miller, BA. ("BA").
C. The following matters and time limits were covered during the meeting:
   1. May 15, 2021, as the last day for filing motions to amend;
   2. June 1, 2021, as the last day for filing motions to join other parties;
   3. September 15, 2021 as the date within which discovery (general and expert) must be completed;
   4. Initial disclosure of experts who may be used at trial to present evidence and the written reports of experts described in rule 26(a)(2)(B) shall be due as follows:

      From the Plaintiffs by August 15, 2021.

From the Defendant by September 1, 2021.

5. Pursuant to Rule 26(a)(2)(C), disclosures regarding rebuttal expert witnesses and evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) shall be due within 30 days after the disclosure made by the other party; and
6. October 1, 2021 as the last day for filing dispositive motions and supporting materials, including affidavits and supporting briefs.

D. Statement regarding consent to entry of final judgment or order:
1. The parties expressly consent to the entry of a final order by the Bankruptcy Court for all matters raised in the pleadings and, therefore, waive the right, if any, to a jury trial, inasmuch as the United States District Court for the Middle District of North Carolina has not specially designated the Bankruptcy Court to conduct such trials.

THE FAILURE TO TIMELY MOVE TO DETERMINE WHETHER THE BANKRUPTCY COURT MAY ENTER A FINAL JUDGMENT OR ORDER WITH RESPECT TO ANY MATTER, ISSUE OR CLAIM FOR RELIEF SHALL CONSTITUTE A WAIVER OF ANY RGHT TO ADJUDICATION BY A COURT ESTABLISHED UNDER ARTICLE III OF THE UNITED STATES CONSTITUTION AND ANY RIGHT TO A JURY TRIAL, AND THE WAIVER SHALL BE DEEMED TO BE CONSENT TO HAVE THE BANKRUPTCY CURT ENTER FINAL JUDGMENT.

This the 15th day of April, 2021.

__s/ Robert Lewis, Jr._

Robert Lewis, Jr. Esq.

Attorney for Defendant

__s/John Paul H. Cournoyer

John Paul H. Cournoyer, Esq.

___s/ Nathan L. Strup,_

Nathan L. Strup, Esq.

Attorney for Plaintiff SBA

__s/ Robert E. Price, Jr.

Robert E. Price, Jr., Esq.

Attorney for BA

**CERTIFICATE OF SERVICE**

This is to certify that on April 15, 2021, the foregoing document was served upon the following parties or counsel by electronic notice or by depositing a copy in the United States mail, first class, postage prepaid, addressed as follows:

JP Cournoyer via electronic filing

U.S. Small Business Administration
c/o U.S. Attorney's Office MDNC
Nathan L. Strup via electronic filing

Robert Lewis, Jr. via electronic filing

Christopher Lavon Lewis
4600 University Drive, Apt 1309
Durham, NC 27707

**U. S. BANKRUPTCY ADMINISTRATOR**

By: s/ Traci D. Galloway
Bankruptcy Paralegal